IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CR-5-1FL
No. 4:24-CV-127-FL

| | | |
|---|---|---|
| CARLOS GREEN, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate [DE #213]. The Government has moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted [DE #222]. Petitioner has responded in opposition to the Government's motion [DE #227], and the time for further filings has expired. Also before the court is Petitioner's motion to expand the record pursuant to Rule 7 of the Rules Governing § 2255 Proceedings [DE ##232, 233, 235]. For the reasons explained below, Petitioner's motion to expand the record is denied, and it is recommended that the Government's motion to dismiss be granted.

## BACKGROUND

On December 16, 2019, Petitioner was charged in a criminal complaint with possession with intent to distribute a quantity of cocaine, a quantity of cocaine base (crack), and a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). (Compl. [DE #1].) On January 14, 2020, a federal grand jury returned a ten-count indictment

charging Petitioner with various drug charges (Counts One, Two, Three, Five, and Eight) and various firearm charges (Counts Six, Seven, Nine, and Ten). (Indictment [DE #14].) Only Petitioner's co-defendant was charged in Count Four of the indictment. (*Id.*)

The court appointed counsel to represent Petitioner at the initial appearance. (Order [DE #7].) Petitioner's original court-appointed counsel was allowed to withdraw due to a conflict of interest. (Order Withdrawal Counsel [DE #29].) Over the course of the case, Petitioner filed four motions to replace his subsequently appointed attorneys. Each of Petitioner's motions were premised on counsel's refusal to file a motion to suppress evidence. (Pet'r's 1st Pro Se Mot. App. New Counsel [DE #34]; Pet'r's 2d Pro Se Mot. App. New Counsel [DE #40]; Pet'r's 3d Pro Se Mot. App. New Counsel [DE #69]; Pet'r's 4th Pro Se Mot. App. New Counsel [DE #91].) The court allowed Petitioner's first two motions. (4/27/2020 Order [DE #37]; 5/26/2020 Order [DE #42].) Petitioner's final two motions for new counsel concerned the same attorney, Mr. Damon Chetson, and were orally withdrawn by Petitioner. (8/18/2020 Min. Entry [DE #71] (noting withdrawal of Pet'r's 3d Pro Se Mot. App. New Counsel); Pretrial Conf. Tr. [DE #171] at 28–29.)

On August 18, 2020, Petitioner, represented by Attorney Chetson, pleaded not guilty to each count. (Arr. Tr. [DE #170] at 20.) The court scheduled the matter for jury trial on September 8, 2020, a date which was subsequently moved to September 9, 2020, on the court's own initiative. (*Id.* at 24; Trial Sch. Order [DE #72]; 9/2/2020 Text Order.)

Following his arraignment, Petitioner filed a pro se motion to suppress "any and all alleged statements [or] confessions and evidence obtained illegally through police misconduct and through violation of the United States Constitution 4th, 5th, 6th, and 14th Amendments on three encounters." (Pro Se Mot. Suppress [DE #74] at 1.) The filing of this suppression motion had been the source of conflict between Petitioner and two of his previously appointed attorneys. It also presented a conflict between Petitioner and Attorney Chetson. (Arr. Tr. at 3–5, 21–22; Pet'r's 3d Pro Se Mot. Appoint New Counsel; Pet'r's 4th Pro Se Mot. Appoint New Counsel; Pretrial Conf. Tr. at 2.)[1] The week before trial, Mr. Chetson moved to withdraw as counsel, citing a breakdown in communications. (Mot. Withdraw [DE #87].) The court denied that motion. (9/3/2020 Order [DE #88].)

On September 9, 2020, before the start of trial, the court held a hearing on Petitioner's pro se motion to suppress. At the outset, the court noted that "people trained in the law have refused to file this motion and come to a parting of the ways with you [Petitioner] because of it." (Pretrial Conf. Tr. at 5.) The court characterized Petitioner's motion as challenging the legality, under the Fourth and Fifth Amendments, of certain searches and seizures conducted by police during their investigation of Petitioner.[2] (Id. at 5–8.) After hearing argument from Petitioner

---

[1] Petitioner's counsel had forecast that Petitioner might file a pro se suppression motion. (Arr. Tr. at 22; Pretrial Conf. Tr. at 2.)

[2] The pro se motion claimed that police acted unlawfully in using an informant to allow surveillance during a controlled buy on July 24, 2019; effected an unlawful automobile stop and arrest on August 21, 2019; and effected an unlawful search on December 10, 2019. (Pretrial Conf. Tr. at 5–17.)

directly, a proffer and argument from the Government, and argument from Attorney Chetson, the court denied the motion without prejudice based upon the court's "understanding of the evidence that will be produced and the court's understanding of the law." (*Id.* at 17.) The court noted that Petitioner could renew his motion during trial if "the facts that come in at trial are different from what the government has said." (*Id.*)

Petitioner's jury trial commenced on September 9, 2020. Petitioner did not renew his motion to suppress at trial. (Jury Trial Tr. Vol. 1 [DE #173]; Jury Trial Tr. Vol. 2 [DE #174]; Jury Trial Tr. Vol. 3 [DE #175].) Petitioner was found guilty of five felony drug counts (Counts One, Two, Three, Five, and Eight) and one count of felon in possession of a firearm (Count Seven). (Jury Verdict [DE #107].) Petitioner was found not guilty on one count of felon in possession of a firearm (Count Ten) and two counts of possession of a firearm in furtherance of a drug trafficking crime (Counts Six and Nine). (*Id.*) On February 22, 2022, the court sentenced Petitioner to 360 months' imprisonment. (J. [DE #163].)

Petitioner appealed and challenged "the district court's denial of his pro se motion to suppress, and the court's decision to rule on the motion without holding an evidentiary hearing." *United States v. Green*, No. 22-4119, 2023 WL 2908820, at *1 (4th Cir. Apr. 12, 2023), *cert. denied,* 144 S. Ct. 310 (2023). On appeal, the Fourth Circuit considered the following arguments raised by Petitioner[3]:

---

[3] Petitioner also raised an argument regarding an alleged unlawful opening of a backpack. The Fourth Circuit found Petitioner had "'explicitly waived' this argument in the district court, and thus, it is 'not reviewable on appeal.'" *Green*, 2023

> (1) that the officers lacked authority to enter [Petitioner]'s former business to surveil a controlled purchase of narcotics between [Petitioner] and the new business owner; (2) that the officers lacked probable cause to stop and to seize [Petitioner]; and (3) that [Petitioner] made incriminating statements under duress and did not voluntarily consent to the search of a residence from where he had been seen 'coming and going.'

*Id.* The Fourth Circuit rejected each of these arguments and affirmed the district court's judgment. *Id.* The Fourth Circuit explained:

> The record shows that [Petitioner] lacked any basis to challenge the officers' entry into his former business because the new owner, who was also the confidential informant, had authorized the officers' entry into that business. *See United States v. Gray*, 491 F.3d 138, 145–47 (4th Cir. 2007) (explaining that a defendant who sold drugs in another's residence did not have a legitimate expectation of privacy in that residence). Further, the officers' traffic stop and detention of [Petitioner] were supported by probable cause based on [Petitioner]'s prior controlled sales of narcotics. *See United States v. Dickey-Bey*, 393 F.3d 449, 453 (4th Cir. 2004) (explaining that an officer may seize a person without a warrant if an officer has probable cause to think the person has committed a crime). And finally, the record shows that [Petitioner] offered incriminating information to the officers free from duress or coercion, and that he voluntarily consented to the search of the residence. *See United States v. Azua-Rinconada*, 914 F.3d 319, 324 (4th Cir. 2019) (holding that the question whether consent is voluntary, and not a product of duress or coercion, must be answered in view of all the circumstances).

*Id.* at *2.

On August 26, 2024, Petitioner timely filed the instant motion to vacate under 28 U.S.C. § 2255. (Mot. Vacate [DE #213].) Petitioner's § 2255 motion raises an ineffective assistance of counsel ("IAC") claim that Petitioner's counsel "fail[ed] to subject the government's case to any meaningful adversarial testing and . . . failed to

---

WL 2908820, at *2 n.1 (quoting *United States v. Claridy*, 601 F.3d 276, 284 n.2 (4th Cir. 2010)).

investigate any of the [F]ourth [A]mendment violations against [Petitioner]." (Mot. Vacate at 4; *see also* Mem. Supp. Mot. Vacate [DE #214] at 5–13.) Petitioner has also moved to expand the record pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings. (Mot. Leave Expand R. [DE #232]; Corr. Mot. Expand R. [DE #233]; 3d Mot. Expand R. [DE #235].)

DISCUSSION

## I.     Motion to Expand the Record

Rule 7 of the Rules Governing Section 2255 Proceedings provides that "[i]f [a petitioner's] motion [to vacate] is not dismissed, the judge may direct parties to expand the record by submitting additional materials relating to the motion." The purpose of Rule 7 is to allow the court "to dispose of [§ 2255] petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing." *Logan v. United States*, Nos. 7:10-CR-111-1FL, 7:13-CV-12-FL, 2014 WL 3700326, at *4 (E.D.N.C. July 24, 2014).

Petitioner initially moved for leave to expand the record on July 14, 2025. (Mot. Leave Expand R.) Then, on July 18, 2025, Petitioner filed a corrected motion to expand the record with three attachments.[4] (Corr. Mot. Expand R.) A few days later, Petitioner filed a third motion to expand the record with the same exhibits attached, albeit in a different order. (3d Mot. Expand R.; *compare* Corr. Mot. Expand R., Exs. 1, 3 [DE ##233-1, 233-2], Sealed Ex. [DE #234] *with* 3d Mot. Expand R., Exs. 1–3 [DE ##235-1 through -3].) The proposed exhibits submitted by Petitioner are (1) state-

---

[4] One attachment was docketed at DE #233 as a sealed exhibit to Petitioner's corrected motion to expand the record.

6

court public records pertaining to Beaufort County, North Carolina, criminal cases Nos. 19CR051493, 19CR051646, & 19CR05151647, (2) an excerpt from the transcript of the September 9, 2020, pretrial conference, and (3) a copy of the criminal complaint in this case.

In reviewing a § 2255 motion, the court may "consider 'the files and records of the case.'" *Fonville v. United States*, Nos. 7:18-CR-185-D, 7:24-CV-1007-D, 2025 WL 2264492, at *3 (E.D.N.C. Aug. 7, 2025) (first quoting 28 U.S.C. § 2255(b); then citing *United States v. Dyess*, 730 F.3d 354, 359–60 (4th Cir. 2013); and then citing *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)). Thus, the court need not expand the record pursuant to Rule 7 in order to consider the pretrial conference transcript or the criminal complaint.

As to the state court records, these are public documents of which the court may take judicial notice. *See Fonville*, 2025 WL 2264492, at *2 (noting that, in the context of a § 2255 petition, "a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment"). The court therefore denies Petitioner's motion to expand the record [DE ##232, 233, 235] as unnecessary but will consider the documents Petitioner has submitted in reaching its recommendation.

## II.    Section 2255 Motion

Under § 2255, there are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction

to impose the sentence, (3) the sentence exceeds the statutory maximum sentence, and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27 (1962).

Petitioner's § 2255 motion raises an IAC claim based on counsel's failure to challenge the constitutionality of several searches and seizures. (Mem. Supp. Mot. Vacate at 13.) A § 2255 motion cannot ordinarily be used to relitigate claims that have already been raised and rejected on direct appeal. *See United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013); *United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009); *United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).[5]

To prevail on an IAC claim, Petitioner must satisfy the two-prong standard of *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88. Second, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

An IAC claim based on counsel's failure to file a suppression motion requires application of "a 'refined' version of the *Strickland* analysis." *United States v.*

---

[5] There are two limited exceptions to the general rule that a claim already litigated on direct appeal may not be relitigated in a § 2255 claim: (1) there has been an intervening change in the law or (2) the movant is actually innocent. *See Davis v. United States*, 417 U.S. 333, 342 (1974); *United States v. Wiley*, 245 F.3d 750,752 (8th Cir. 2001). Neither of the two exceptions apply here.

8

*Pressley*, 990 F.3d 383, 388 (4th Cir. 2021). Under the first prong, the performance inquiry, the court looks at "whether the 'unfiled motion would have had 'some substance,'" and if so, "whether strategic reasons warranted not filing the motion." *Id.* (first quoting *Grueninger v. Dir., Va. Dep't of Corr.*, 813 F.3d 517, 524–25 (4th Cir. 2016); then citing *Grueninger*, 813 F.3d at 529; and then citing *Tice v. Johnson*, 647 F.3d 87, 104–05 (4th Cir. 2011)). Tactical and strategic decisions by counsel, "such as what evidence should be introduced, what stipulations should be made, [and] what objections should be raised," *United States v. Chapman*, 593 F.3d 365, 368 (4th Cir. 2010) (quoting *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998)), are given "wide latitude" in the context of an IAC claim, *Strickland*, 466 U.S. at 689. These matters are left to the sound judgment of counsel. *Chapman*, 593 F.3d at 369. "Counsel need not consult with the client about the matter or obtain the client's consent." *Id.* (first citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004); and then citing *Sexton*, 163 F.3d at 885). Tactical and strategic matters remain counsel's decision even if the client disagrees, and counsel's decisions are not made "unreasonable simply because the client expressed a contrary view." *Chapman*, 593 F.3d at 369. Under the second prong, the prejudice inquiry, the petitioner is required to show "(1) 'the [suppression] motion was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of his trial.'" *Pressley*, 990 F.3d at 388 (alteration in original) (quoting *Grueninger*, 813 F.3d at 525).

Here, the Fourth Circuit considered and rejected the claims that Petitioner raises in this § 2255 motion. *See Green*, 2023 WL 2908820, at *1. First, Petitioner challenges a traffic stop of Petitioner. (Mem. Supp. Mot. Vacate at 6.) The Fourth Circuit rejected this argument because "the officers' traffic stop and detention of [Petitioner] were supported by probable cause based on [Petitioner]'s prior controlled sales of narcotics." *Green*, 2023 WL 2908820, at *2. Petitioner also argues that his "home was searched without a warrant." (Mem. Supp. Mot. Vacate at 9.) The Fourth Circuit rejected this argument because Petitioner "voluntarily consented to the search of the residence." *Green*, 2023 WL 2908820, at *2. As to any argument regarding the legality of the surveillance of Petitioner's former business (Pet'r's Resp. Opp'n Mot. Dismiss [DE #227] at 4), the Fourth Circuit held that Petitioner "lacked any basis to challenge the officers' entry into his former business because the new owner, who was also the confidential informant, had authorized the officers' entry into that business." *Green*, 2023 WL 2908820, at *2. Further, "[Petitioner] offered incriminating information to the officers free from duress or coercion[.]" *Id.* Petitioner cannot relitigate, under the guise of IAC raised in the instant § 2255 motion, the foregoing issues, which the Fourth Circuit already considered and rejected on direct appeal.

Furthermore, Petitioner fails to plausibly allege IAC by his trial attorney for failing to file a suppression motion. The motion that Petitioner claims should have been filed lacks merit, as decided by this court, (Oral Order Denying Pro Se Mot. Supp. [DE #93]), and the Fourth Circuit, *Green*, 2023 WL 2908820. Thus, Petitioner

10

cannot show that the motion would have been meritorious had it been filed by counsel. *See Pressley*, 990 F.3d at 388; *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to raise a meritless argument can never amount to ineffective assistance.").

<u>CONCLUSION</u>

For the foregoing reasons, Petitioner's motion to expand the record [DE ##232, 233, 235] is DENIED, and it is RECOMMENDED that the Government's motion to dismiss [DE #222] be GRANTED and Petitioner's motion to vacate [DE #213] be DISMISSED for failure to state a claim upon which relief can be granted.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. Each party shall have until **May 28, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as

described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 11th day of May 2025.

KIMBERLY A. SWANK
United States Magistrate Judge